

**ORDERED in the Southern District of Florida on January 31, 2012.**

_____
**A. Jay Cristol, Judge
United States Bankruptcy Court**

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| In re: | (Chapter 11) |
| ARROW AIR, INC. AND | Case No. 10-28831-BKC-AJC |
| ARROW AIR HOLDINGS CORP., | Case No. 10-28834-BKC-AJC |
| Debtors. | (Jointly Administered) |
| _____/ | |
| BARRY MUKAMAL, Trustee of the Arrow Air, Inc. and Arrow Air Holdings Corp. Unsecured Creditor Trust, | |
| Plaintiff, | |
| v. | Adv. No. 10-03598-BKC-AJC-A |
| GSBD & ASSOCIATES, L.L.C. f/k/a GSB & ASSOCIATES, L.L.C., a Florida limited liability company; and FIRST INTERNATIONAL EXCHANGE CORP., a Michigan corporation, | |
| Defendants. | |
| _____/ | |

**ORDER DENYING DEFENDANT FIRST INTERNATIONAL EXCHANGE CORP.'S MOTION TO SET ASIDE DEFAULT AND MOTION FOR LEAVE OF COURT TO FILE ANSWER TO SECOND AMENDED COMPLAINT [ECF NO. 134]**

**THIS MATTER** came before the Court for hearing on December 7, 2011 on Defendant First International Exchange Corp.'s ("FIEC") Motion to Set Aside Default and Motion for Leave of Court to File Answer to Second Amended Complaint (the "Motion") [ECF No. 134]. The Plaintiff, Barry Mukamal, the Liquidating Trustee of the Arrow Unsecured Creditor Trust ("Trustee" or "Plaintiff") filed a Response in Opposition to the Motion. [ECF No. 148]. The Court, having carefully reviewed the filings and the record, heard argument by counsel for the parties, and being otherwise duly advised in the premises, finds as follows:

I.     **Standard for Setting Aside a Default**

Rule 55(c) of the Federal Rules of Civil Procedure provides that the Court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). Relevant factors that courts consider in determining whether good cause has been shown include: (1) whether the defaulting party has shown a good reason (e.g., excusable neglect) for failing to respond to the complaint; (2) whether the defaulting party acted promptly to correct the default; (3) whether the defaulting party has a meritorious defense that might have affected the outcome; and (4) whether setting aside the default will prejudice the non-defaulting party. *E.E.O.C. v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 528 (11th Cir. 1990); *Compania Interamericana Export-Inport, S.A. v. Compania Dominica De Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). The party moving to set aside the default bears the burden establishing good cause. *Mike Smith Pontiac GMC, Inc.*, 896 F.2d at 528.

II.    **FIEC Has Not Met its Burden of Showing Good Cause**

As the party seeking to set aside the default, FIEC bears the burden of establishing good cause. *Id.* When the factors discussed above are considered in this case, the Court finds that

FIEC has failed to meet this burden.

### A. FIEC Has Not Shown a Good Reason for its Failure to Timely Answer the Complaint

First, this Court finds that FIEC has not demonstrated a valid, excusable reason for its failure to timely answer the Complaint. The Second Amended Complaint (the "Complaint") was filed by the Trustee on May 3, 2011. [ECF No. 44]. FIEC initially moved to dismiss the Complaint on May 31, 2011. [ECF No. 51]. At a hearing on June 30, 2011, the Court denied the motion to dismiss and ordered FIEC to answer the Complaint by July 14, 2011. On July 19, 2011, the Trustee agreed to give FIEC an extension of time until July 29, 2011 to answer the Complaint. FIEC was then given a second extension of time until August 2, 2011 to answer the Complaint. After FIEC failed to answer, on August 12, 2011, the Trustee moved for the entry of a default against FIEC. [ECF No. 88]. A default was entered against FIEC on August 15, 2011. [ECF No. 91].

Now, approximately three and one-half months after FIEC was ordered by this Court to answer the Complaint, and more than two and one-half months after the default was entered, FIEC moves the Court to set aside the default and grant it leave to file an answer to the Complaint. FIEC argues that good cause exists because FIEC's former counsel allegedly allowed the default to be entered. This Court finds that this is not sufficient good cause.

As an initial matter, FIEC has not submitted any evidence to support this argument. FIEC has not submitted an affidavit or other sworn testimony from a representative of FIEC in support of the Motion. Nor has FIEC provided an affidavit from its prior counsel, or an affidavit regarding FIEC's efforts to obtain prior counsel's explanation for the alleged failure to answer the Complaint. Indeed, there is nothing in this record to explain why FIEC's prior counsel did

3

not file an answer, despite being given several extensions to do so. Nor is there any evidence to substantiate the claim that the default was, in fact, the fault of FIEC's former counsel. Without any such evidence, the Court finds that FIEC has failed to meet its burden here. *See Hernandez v. La Cazuela De Mari Restaurant, Inc.*, 538 F. Supp. 2d 528, 536 (E.D.N.Y. 2007) (refusing to vacate default judgment because defendants did not offer any evidence explaining their counsel's failure to act on their behalf and finding conclusory assertions that counsel was negligent to be insufficient).

In addition to a lack of evidence, FIEC has not cited any case law to supports its argument that its former counsel's alleged failure to answer the Complaint constitutes good cause. The Trustee, on the other hand, has cited to case law which holds that this is not good cause. For example, in *S.E.C. v. McNulty*, 137 F.3d 732 (2d Cir. 1998), the defendant moved to vacate a default judgment arguing, much like FIEC here, that the default judgment was entered as a result of his former counsel's failure to answer. *Id*. at 739. The defendant's motion to set aside the default had already been denied by the district court, which found that the conduct of defendant's counsel should be imputed to the defendant, and that the defendant failed to monitor the attorney's conduct. *Id.* at 736. In affirming the district court's refusal to vacate the default, the Second Circuit Court of Appeals observed:

> Normally, the conduct of an attorney is imputed to his client, for allowing a party to evade "the consequences of the acts or omissions of [] his freely selected agent" "would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent." Thus, in the context of a default judgment, we "ha[ve] rather consistently refused to relieve a client of the burdens of a final judgment entered against him due to the mistake or omission of his attorney."

*Id*. at 739 (internal citations omitted); *see also Hernandez*, 538 F. Supp. 2d 528 (denying request to vacate default judgment based on argument that counsel failed to act on the defendants'

4

behalf).

The Court finds that the same result should be reached here. FIEC voluntary chose to hire its former counsel, and the conduct of that counsel is imputed to FIEC. The Court will not relieve FIEC of the default based on FIEC's current counsel's conclusory assertion that FIEC's prior counsel allowed a default to be entered. Therefore, FIEC has failed to demonstrate good cause or excusable neglect.

Furthermore, FIEC has not demonstrated that it acted diligently to ensure that its former counsel was, in fact, protecting its interests. Courts have consistently held that, "where procedural safeguards are missing, a defendant does not have a 'good reason' for failing to respond to a complaint." *Sloss Industries Corp. v. Eurisol*, 488 F.3d 922, 935 (11th Cir. 2007). The Eleventh Circuit has "extended this principle to situations where a defendant, knowing that an action has been filed against him, fails to act diligently in ensuring that his attorney is adequately protecting his interests." *Id.* at 936; *S.E.C. v. Simmons*, 241 Fed. App'x 660, 664 (11th Cir. 2007) ("a party must demonstrate his own diligence, even where the attorney commits gross misconduct"); *Dunn v. Prudential Ins. Co. of Am.*, 2011 WL 1298156, *4 (M.D. Fla. April 4, 2011) (refusing to vacate default judgment and set aside default where defendant failed to monitor progress of case and did nothing to ensure that the complaint would be answered); *accord McNulty*, 137 F.3d at 740 (concluding that default was properly allowed to stand since defendant made no showing of diligence that would warrant relief).

Here, FIEC offers no evidence of any diligence on its part to ensure that its former counsel was protecting its interests. Indeed, FIEC has not submitted an affidavit or other sworn testimony regarding its diligence, if any, in this regard. Nor has FIEC submitted any evidence regarding any actions it took to try to otherwise prevent the default from being entered.

5

Therefore, the Court finds that FIEC has failed to demonstrate good cause for its failure to timely answer the Complaint.

### B.  FIEC Failed to Act Promptly to Correct the Default

FIEC has also failed to show a good reason for why it waited more than two months before moving to set aside the default. As FIEC acknowledges in its Motion, "time matters when one seeks to aside a default." (Motion at p. 11) (quoting *Sloss Industries Corp.*, 488 F.3d at 935). Indeed, "the longer a defendant . . . delays in responding to a complaint, the more compelling the reason it must provide for its inaction." *Sloss Industries Corp.*, 488 F.3d at 935.

Here, the Court finds that FIEC did not act promptly in moving to set aside the default. The default was entered on August 15, 2011. [ECF No. 91]. FIEC, however, did not move to set aside the default until November 2, 2011, some two and one-half months later. Courts in this District and others have refused to set aside a default when the defendant waited similar lengths of time before moving to set aside the default. *See Sloss Industries Corp.*, 488 F.3d at 935 (finding that defendant failed to act promptly when it moved to set aside default judgment more than three months after it was served with process and more than one month after the default judgment was entered); *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1297-98 (11th Cir. 2003) (finding two months to be too long of a delay in moving to vacate); *Allstate Ins. Co. v. Palterovich*, 2007 WL 788359, *1 (S.D. Fla. March 14, 2007) (denying motion where defendant waited more than two months to file the motion to vacate the default judgment); *accord Consolidated Masonry & Fireproofing, Inc. v. Wagman Construction Corp.*, 383 F.2d 249 (4th Cir. 1967) (finding that the defendant did not act promptly when the defendant waited more than two and one-half months to move to set default aside).

Moreover, FIEC has not offered a good reason for why it waited more than two months

to move to set aside the default.  FIEC's current counsel admitted at the hearing he was aware of the default within one day of it being entered.  Nevertheless, he claims it took over two months to file the Motion because he needed time to review the documents and become familiar with the case.  However, FIEC's current counsel does not offer a good explanation for why it took more than two months to prepare and file the Motion and include an answer that consists of general denials and a purported lack of knowledge necessary to respond to many of the allegations of the Complaint.  *See Simmons*, 241 Fed. App'x at 664 (rejecting argument that it took months to file a motion to vacate because new counsel needed time to become familiar with the case).

Indeed, the "facts" that FIEC relies upon in support of the Motion should have been known to FIEC at the time of the default.  FIEC's prior counsel's purported failure to answer the Complaint was certainly known to FIEC at the time of the default.  Moreover, the sole defense raised by FIEC in the Motion is that the Escrow Agreement between FIEC and Debtor Arrow Air, Inc. ("Arrow") was terminated back in October *2009*, more than two years before FIEC filed the instant Motion.  Thus, the information FIEC's counsel needed to prepare the Motion should have been immediately obtainable from FIEC.[1]  Therefore, the Court finds that FIEC failed to act diligently and promptly in moving to set aside the default.

### C.    FIEC Has Not Shown Meritorious Defenses to All of the Claims

As the party moving to set aside the default, FIEC must show that it has meritorious defenses that might have affected the outcome of the case.  In order to make a sufficient showing

---

[1] FIEC's current counsel also claims that he was busy during these past few months coordinating depositions and the production of documents.  However, given that a default was already entered and the fact that a party must move promptly to vacate a default, FIEC's counsel's focus should have been on preparing the Motion.  Moreover, FIEC is represented by two sets of counsel.  Thus, one lawyer could have been preparing the Motion and proposed answer while the other lawyer attempted to coordinate discovery.

of a meritorious defense, FIEC "must present evidence of facts that, 'if proven at trial, would constitute a complete defense.'" *Sloss Industries Corp.*, 137 F.3d at 740 (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 98 (2d Cir. 1993). The Court finds that FIEC has failed to do so.

The Court first notes that FIEC's proposed Answer does not include any affirmative defenses. Rather, the only argument advanced by FIEC in its Motion is a denial that the Escrow Agreement was still operative.[2] In response, the Trustee argues that the Escrow Agreement only forms the basis for one of the four claims against FIEC and, therefore, its alleged termination would not be a defense to all of the claims against FIEC.

For example, one of the counts the Trustee asserts against FIEC is to avoid a constructive fraudulent transfer (Count VII). In the Complaint, the Trustee alleges that (i) FIEC received a wire transfer from Arrow in the amount of $3,558,870.00 from Arrow for the purchase of jet fuel from Defendant GSBD & Associates, LLC ("GSBD"); (ii) GSBD never delivered any of the jet fuel purchased by Arrow; and (iii) neither GSBD nor FIEC ever returned the money to Arrow. There is no dispute that the money was received by FIEC. Nor is there any dispute that much (if not all) of the fuel was never delivered by GSBD. Indeed, Defendant GSBD has already conceded that the majority of the fuel was never delivered by GSBD and, as a result, agreed to a stipulated final judgment in the amount of $2,751,381.20. [ECF Nos. 116 and 118]. Because the fuel was never delivered and the money was never returned, the Trustee claims that Arrow did not receive reasonably equivalent value in exchange for the transfer.

---

[2] Although FIEC now claims for purposes of the Motion that the Escrow Agreement was terminated, for purposes of moving to dismiss the Complaint, FIEC relied solely on the terms of the Escrow Agreement. [ECF No. 51].

The Court finds that FIEC has not offered a meritorious defense to this claim. Even if the Escrow Agreement was terminated, this would not be a defense to the claim to avoid a constructive fraudulent transfer. Therefore, FIEC has not demonstrated complete, meritorious defenses to all of the claims asserted against it by the Trustee. This factor too supports denying the Motion.

### D.     The Trustee Will Be Prejudiced if the Court Sets Aside the Default

Finally, the Court finds that the Trustee will be prejudiced if the default is set aside. As discussed above, FIEC waited more than two months before moving to set aside the default. Although the Trustee initially waited to move for a default final judgment based on FIEC's representation that a motion to set aside the default was forthcoming, after FIEC failed to file the Motion for more than two months, the Trustee eventually moved for the entry of a default final judgment against FIEC. [ECF No. 114]. That motion was subsequently granted by the Court, with a Final Default Judgment entered against FIEC. [ECF No. 121]. The preparation of that motion required time and expense on the part of the Trustee, all of which potentially could have been avoided had FIEC moved to set aside the default sooner as it originally suggested it would do.

Moreover, given FIEC's failure to timely answer the Complaint and its delay in moving to set aside the default, the Trustee has been prejudiced in his efforts to prosecute this action against FIEC. The Trustee is only now receiving FIEC's answer, more than three months after it was supposed to be filed by FIEC. The Trustee further argues that FIEC has delayed this litigation in other respects, including requiring the Trustee to file multiple motions to compel before FIEC ever agreed to produce any documents to the Trustee. In light of FIEC's lengthy delay in moving to set aside the default, the Court finds that the Trustee will be prejudiced if the

default is set aside.

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that the Motion is **DENIED**.

# # #

**Copy Furnished To:**

David C. Cimo, Esq. [Attorney Cimo is directed to serve a copy of this Order upon all parties in interest and file a certificate of service reflecting same].